# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES, | CASE NO. 1:03-CV-05980 AWI LJO P |
| Plaintiff, | ORDER REQUIRING DEFENDANTS CADENA, LUNDY, AND MANNING TO PAY TO THE UNITED STATES MARSHAL THE COSTS INCURRED I N EFFECTING SERVICE, WITHIN TWENTY DAYS |
| v. | |
| L. T. LUNDY, et al., | |
| Defendants. | (Doc. 33) |

On September 26, 2005, the Court ordered the United States Marshal to serve process upon defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On May 22, 2006, the United States Marshal filed a return of service with a USM-285 form showing charges of $201.75 each for effecting personal service on defendants Cadena, Lundy, and Manning. The form shows that a waiver of service form was mailed to each defendant on October 11, 2005, and that no response was received. Defendants did not make an appearance in the case before personal service was executed.

///

///

1

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

On June 7, 2006, defendants Cadena, Lundy, and Manning were given the opportunity to show good cause for failing to waive service as required by Rule 4(d)(2). (Doc. 33.) Defendants were warned that if they either failed to respond to the order or responded but failed to show good cause, the Court would impose upon them the costs incurred in effecting service. (<u>Id</u>.) On July 3, 2006, defendants filed a response to the order to show cause. (Doc. 34.) The Court found the response to be deficient and ordered defendants to file an amended response within thirty days, stating:

> In the response [to the order to show cause], events at High Desert State Prison and the Attorney General's Office are described and advanced as justification for the failure to waive service. However, consideration of these events by the Court requires that a factual showing be made. Arguments or contentions set forth in a responding brief do not constitute evidence. <u>See</u> <u>Coverdell v. Dep't of Soc. & Health Servs.</u>, 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence). If defendants wish the Court to consider the information set forth in their response, the information must be supported by admissible evidence (e.g., declarations).

(Doc. 37, 1:20-26.) Defendants filed an amended response on September 12, 2006. (Doc. 38.)

Defendants' amended response fails to address and show good cause for the failure to waive service. Rather, the focus of the response appears aimed at explaining why there was a delay in responding to the complaint, which is not the issue. Defendants assert that the complaint was served on October 11, 2005, making their response due December 10, 2005, and that as soon as the file was received by the Attorney General's Office on May 15, 2006, counsel "rectified the file deficiency" and answered the complaint. (Doc. 38, 1:26-28 & 2:1-8.) Defendants argue that there was no

///

purposeful "attempt to delay the proceedings" and an answer was filed within a week of receiving the file. (Id., 2:9-11.)

Although the Marshal mailed waivers on October 11, 2005, defendants were not served until May 4, 2006. (Docs. 28-30.) Their response to the complaint was due on or before May 30, 2006, and was timely filed on May 26, 2006. Fed. R. Civ. P. 6(e), 12(a)(1)(A). Defendants are required to show good cause why they failed to return the waivers, not why they did not file an answer until May of 2006. Defendants have not done so. The one sentence is defendants' very brief response indicating that the file was mistakenly misplaced at the prison is not supported by evidence. (Doc. 2:3-4.) The declaration of S. Albritton, which was presumably intended to explain what occurred at the institution, is incomplete and consists solely of a facsimile cover sheet and the signature page. (Ex. B.)

This was defendants' second chance to make a showing of good cause. A finding of "sufficient cause" for failing to waive service "should be rare." Fed. R. Civ. P. 4(d)(2) Advisory Committee Note, 1993 Amendment; see also Estate of Darulis v. Garate, 401 F.3d 1060, 1063-64 (9th Cir. 2005) (noting imposition of "a *duty* to avoid unnecessary costs of service," and Advisory Committee's note that "sufficient cause should be rare") (emphasis in original). Unfortunately, defendants' second attempt to show cause again falls short, due to its almost non-existent discussion of the reason for failure to waive service, and its failure, again, to submit the requisite evidence. Therefore, good cause not having been shown, the costs incurred by the Marshal in effecting service shall be imposed on defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Within **twenty (20) days** from the date of this order, defendants Cadena, Lundy, and Manning shall each pay to the United States Marshal the sum of $201.75;

2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, Sacramento, California; and

///
///
///

3.  The Clerk of the Court is directed to serve a copy of this order on defendants Cadena, Lundy, and Manning.

IT IS SO ORDERED.

**Dated:    October 21, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE