1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   EDWARD JONES,                          CASE NO. 1:03-cv-05980-AWI-LJO PC

10              Plaintiff,                 ORDER GRANTING IN PART AND
                                           DENYING IN PART PLAINTIFF'S MOTION
11        v.                               TO COMPEL

12   L. T. LUNDY, et al.,                  (Doc. 41)

13              Defendants.                PARTIES HAVE THIRTY DAYS TO
                                           COMPLY WITH INITIAL APPLICABLE
14   _____/          DEADLINES

15

16        Plaintiff Edward Jones ("plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

18   plaintiff's third amended complaint, filed April 18, 2005, against defendants Lundy, Manning, and

19   Cadena ("defendants") for using excessive physical force, in violation of the Eighth Amendment.

20   On December 20, 2006, plaintiff filed a motion to compel responses to document production

21   requests one through six.  Defendants filed an opposition on January 5, 2007.  Plaintiff did not file

22   a timely reply and the motion has been deemed submitted.  Local Rule 78-230(m).

23        **PODs 1 and 2:** Plaintiff seeks a copy of his central file, excluding the confidential section,

24   and a copy of his medical file and mental health records.  Defendants object on the ground that

25   plaintiff's central file and unified health record are equally available to plaintiff for inspection and

26   copying.

27        First, this request is overly broad as it encompasses plaintiff's entire central and health files

28   while this action is proceeding on only one claim which accrued on March 3, 2003.  Second, plaintiff

1

1  may not use discovery to obtain free copies of documents equally available to him.  Plaintiff is

2  entitled to review his files.  If plaintiff is unable to obtain a review and copies, he may notify the

3  court and it will attempt to facilitate an arrangement by which plaintiff may review and copy his

4  files.

5        With respect to plaintiff's contention that he needs to get copies from defendants in order to

6  avoid a future argument that the documents are not admissible because they have not been

7  authenticated, this concern is premature.  Should defendants tender that objection in the future,

8  plaintiff may argue to the trial judge that the documents are California Department of Corrections

9  and Rehabilitation records and their authenticity is not subject to reasonable dispute.  Any party

10  frivolously challenging the authenticity of a document may find itself at the receiving end of

11  sanctions, at the court's discretion.

12        Plaintiff's motion to compel a response to these requests are denied.

13        **POD 3:** Plaintiff seeks the incident report dated March 3, 2003.  Defendants object on the

14  ground that if such a document exists, it is part of plaintiff's central or medical file and is equally

15  available to plaintiff for inspection and copying.

16        Defendants contend that this document is equally available to plaintiff and plaintiff has made

17  no showing that it is not.  Plaintiff's motion to compel a response to this request is denied.

18        **POD 4:** Plaintiff seeks the use of force incident report dated March 3, 2003.  Defendants

19  object on the ground of confidentiality.

20        Defendants may not avoid producing discoverable documents by tendering a vague objection

21  that the document contains confidential information.  See Soto v. City of Concord, 162 F.R.D. 603,

22  613 (N.D. Cal. 1995) (party asserting the official information privilege must properly invoke it by

23  making a "substantial threshold showing") (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 669

24  (N.D. Cal. 1987)).  Plaintiff's motion to compel a response to this request is granted, and defendants

25  shall produce the document within **thirty days**.  If the document contains information relating to

26  confidential informants, defendants may redact that information prior to producing it.  If the

27  document contains any other information that defendants believe warrants redaction, defendants may

28  ///

submit the unredacted copy to the court for in camera review, accompanied by a description of which portions they believe should be subject to redaction and why.

**POD 5:** Plaintiff seeks defendants' personnel files for the past five years. Defendants object on the grounds that the request is vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds of confidentiality and privilege.

"Government personnel files are considered official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990), cert. denied, 502 U.S. 957, 112 S.Ct. 416 (1991); Miller v. Pancucci, 141 F.R.D. 292, 299 C.D. Cal. 1992). However, defendants' bare, unsupported objection of confidentiality and privilege is insufficient to avoid production of discoverable documents from defendants' personnel files. Soto, 162 F.R.D. at 613; Kelly, 114 F.R.D. at 669.

Plaintiff seeks this information as character evidence showing defendants' propensity for violence. Character evidence "is not admissible to prove the character of a person in order to show action in conformity therewith," Fed. R. Ev. 404(b), and despite plaintiff's argument to the contrary, defendants' character or character traits are not an essential element of plaintiff's excessive force claim against, Fed. R. Ev. 405(b). However, character evidence may be admissible for other purposes and plaintiff is entitled to discoverable information.

Plaintiff's request as presently drafted is overly broad. If plaintiff is willing to narrow his inquiry to a period of three years and limit it to like circumstances, the court will grant his motion and direct defendants to produce any documents in their personnel files responsive to the request. However, plaintiff is required to notify the court and defendants whether he accepts this limitation within **thirty days**. If plaintiff fails to do so, his motion to compel a response to this request is deemed denied. If plaintiff accepts the limitation and notifies defendants and the court of his acceptance within thirty days, defendants have **thirty days** thereafter to respond. Names and personal information of other inmates or individuals other than the named defendants may be redacted from the documents, and any of defendants' personal information such as Social Security numbers, birth dates, home addresses, etc. may be redacted. If further disputes or concerns arise, the parties may at that time contact the court for assistance.

///

3

**POD 6:** Plaintiff seeks Corrections' use of force policy and incident report filing. Defendants object on the grounds that the request is vague, ambiguous, overly broad, duplicative as to incident report filing, and not reasonably calculated to lead to the discovery of admissible evidence, and on the ground of confidentiality. Defendants state that non-confidential sections of the Department Operations Manual are available to plaintiff in the law library.

Defendants' conclusory objection of confidentiality is insufficient to shield them from producing discoverable documents. Soto, 162 F.R.D. 603 at 613; Kelly, 114 F.R.D. at 669. However, the court agrees that plaintiff's request is vague as to "incident report filing." The court is unsure what documents plaintiff is seeking as responsive to that portion of the request. With respect to use of force policies, the request is overly broad and vague. It is unclear if plaintiff is seeking California Department of Corrections and Rehabilitations' policies or the California Correctional Institution's policies or both, and for what period of time. If plaintiff wishes to re-draft and re-serve this request, he may do so within **thirty days** from the date of service of this order. If plaintiff re-drafts and re-serves this request, defendants have **thirty days** to serve a response, and plaintiff has **fifteen days** from the date of service of defendants' response within which to file a motion to compel, if he deems one necessary.

Based on the foregoing, it is HEREBY ORDERED that plaintiff's motion to compel, filed December 20, 2006, is GRANTED IN PART and DENIED IN PART as follows.

1.   Plaintiff's motion to compel responses to requests one, two, and three is DENIED.

2.   Plaintiff's motion to compel a response to request four is GRANTED and defendants have **thirty (30) days** from the date of service of this order to produce the document, subject to redaction as set forth herein.

3.   With respect to request five, plaintiff has **thirty (30) days** from the date of service of this order within which to notify the court and defendants whether he accepts the narrowing of the request as set forth by the court. If plaintiff notifies the court and defendants he accepts the limitation, defendants have **thirty (30) days** thereafter to serve a response as limited by the court herein.

///

4

1          4.      Plaintiff's motion to compel a response to request six is DENIED.  Plaintiff has

2                  **thirty (30) days** from the date of service of this order to re-draft and re-serve the

3                  request, if he wishes to do so.   If plaintiff re-drafts and re-serves the request,

4                  defendants have **thirty (30) days** to serve a response, and plaintiff has **fifteen (15)**

5                  **days** from the date of defendants' response to file a motion to compel, if one is

6                  necessary.

7

8    IT IS SO ORDERED.

9    **Dated:    January 25, 2007**                    /s/ Lawrence J. O'Neill
     b9ed48                                        UNITED STATES MAGISTRATE JUDGE
10