# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES, | CASE NO. 1:03-cv-05980-AWI-NEW (DLB) PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL A RESPONSE TO DOCUMENT PRODUCTION REQUEST NUMBER 5 |
| v. | |
| L. T. LUNDY, et al., | (Docs. 41, 49, and 52) |
| Defendants. / | |

Plaintiff Edward Jones ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint, filed April 18, 2005, against defendants Lundy, Manning, and Cadena ("defendants") for using excessive physical force, in violation of the Eighth Amendment. On January 25, 2007, the court issued an order granting in part and denying in part plaintiff's motion to compel filed on December 20, 2006. The order stated in relevant part:

> **POD 5:** Plaintiff seeks defendants' personnel files for the past five years. Defendants object on the grounds that the request is vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds of confidentiality and privilege.
>
> "Government personnel files are considered official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990), cert. denied, 502 U.S. 957, 112 S.Ct. 416 (1991); Miller v. Pancucci, 141 F.R.D. 292, 299 C.D. Cal. 1992). However, defendants' bare, unsupported objection of confidentiality and privilege is insufficient to avoid production of discoverable documents from defendants' personnel files. Soto, 162 F.R.D. at 613; Kelly, 114 F.R.D. at 669.
>
> Plaintiff seeks this information as character evidence showing defendants' propensity for violence. Character evidence "is not admissible to prove the character of a person in order to show action in conformity therewith," Fed. R. Ev. 404(b), and despite

plaintiff's argument to the contrary, defendants' character or character traits are not an essential element of plaintiff's excessive force claim against, Fed. R. Ev. 405(b). However, character evidence may be admissible for other purposes and plaintiff is entitled to discoverable information.

*Plaintiff's request as presently drafted is overly broad. If plaintiff is willing to narrow his inquiry to a period of three years and limit it to like circumstances, the court will grant his motion and direct defendants to produce any documents in their personnel files responsive to the request. However, plaintiff is required to notify the court and defendants whether he accepts this limitation within* **thirty days**. *If plaintiff fails to do so, his motion to compel a response to this request is deemed denied.* If plaintiff accepts the limitation and notifies defendants and the court of his acceptance within thirty days, defendants have **thirty days** thereafter to respond. Names and personal information of other inmates or individuals other than the named defendants may be redacted from the documents, and any of defendants' personal information such as Social Security numbers, birth dates, home addresses, etc. may be redacted. If further disputes or concerns arise, the parties may at that time contact the court for assistance.

(Doc. 49, 3:3-27 (emphasis added).)

On February 13, 2007, plaintiff notified the court that he does not accept the limitation and believes he is entitled to a response to his request as drafted. (Doc. 52.) In light of plaintiff's unwillingness to accept the court's limitation of his document request, plaintiff's request is denied in full as overly broad.

In accordance with the mandates of the court's order filed January 25, 2007, plaintiff's motion to compel a response to his request for the production of documents, number 5, filed December 20, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 21, 2007**          /s/ **Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE