1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES, | CASE NO. 1:03-cv-05980-AWI-NEW (DLB) PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS PREMATURE |
| v. | (Doc. 53) |
| L. T. LUNDY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Edward Jones ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint, filed April 18, 2005, against defendants Lundy, Manning, and Cadena ("defendants") for using excessive physical force, in violation of the Eighth Amendment. On January 25, 2007, the court issued an order granting in part and denying in part plaintiff's motion to compel filed on December 20, 2006. The order stated in relevant part:

> **POD 6:** Plaintiff seeks Corrections' use of force policy and incident report filing. Defendants object on the grounds that the request is vague, ambiguous, overly broad, duplicative as to incident report filing, and not reasonably calculated to lead to the discovery of admissible evidence, and on the ground of confidentiality. Defendants state that non-confidential sections of the Department Operations Manual are available to plaintiff in the law library.
>
> Defendants' conclusory objection of confidentiality is insufficient to shield them from producing discoverable documents. Soto, 162 F.R.D. 603 at 613; Kelly, 114 F.R.D. at 669. However, the court agrees that plaintiff's request is vague as to "incident report filing." The court is unsure what documents plaintiff is seeking as responsive to that portion of the request. With respect to use of force policies, the request is overly broad and vague. It is unclear if plaintiff is seeking California Department of Corrections and Rehabilitations' policies or the California Correctional Institution's policies or both, and for what period of time. *If plaintiff*

1

1    *wishes to re-draft and re-serve this request, he may do so within **thirty days** from the*
2    *date of service of this order.   If plaintiff re-drafts and re-serves this request,*
     *defendants have **thirty days** to serve a response, and plaintiff has **fifteen days** from*
3    *the date of service of defendants' response within which to file a motion to compel,*
     *if he deems one necessary.*

4    (Doc. 49, 4:1-16 (emphasis added).)

5           On February 13, 2007, plaintiff filed a motion seeking to compel a response to this discovery

6    request.  (Doc. 53.)  In no event is this issue ripe for another motion to compel.  Pursuant to the

7    court's order, the burden was on plaintiff to re-draft and re-serve request number 6 on defendants'

8    counsel.  Defendants' counsel then had thirty days from the date of re-service to serve a response.

9    Plaintiff filed the instant motion to compel nineteen days after the court's order was served.  Even

10   if plaintiff had immediately re-drafted and re-served request number 6 on defendants' counsel, and

11   there is no evidence he in fact did so, the time for defendants to respond had not yet expired.

12          In accordance with the mandates of the court's order filed January 25, 2007, plaintiff's

13   motion to compel, filed February 13, 2007, is premature and is HEREBY DENIED.

14

15          IT IS SO ORDERED.

16      **Dated:** __**March 21, 2007**__                    _____**/s/ Dennis L. Beck**_____
17   3b142a                                                UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28