# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES, | CASE NO. 1:03-cv-05980-DLB PC |
| Plaintiff, | ORDER DENYING OBJECTION, CONSTRUED AS A MOTION FOR RECONSIDERATION |
| v. | |
| L. T. LUNDY, et al., | (Doc. 64) |
| Defendants. | |

I.  <u>Order</u>

    A.  <u>Procedural History</u>

Plaintiff Edward Jones ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's fourth amended complaint, filed March 22, 2007, against defendants Lundy, Manning, and Cadena ("defendants") for using excessive physical force, in violation of the Eighth Amendment.  This matter is currently set for jury trial on October 9, 2007, before the undersigned.

On January 25, 2007, the court issued an order granting in part and denying in part plaintiff's motion to compel filed on December 20, 2006.  The order stated in relevant part:

> **POD 5:** Plaintiff seeks defendants' personnel files for the past five years. Defendants object on the grounds that the request is vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds of confidentiality and privilege.
>
> "Government personnel files are considered official information." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1990), <u>cert</u>. <u>denied</u>, 502 U.S.

1

957, 112 S.Ct. 416 (1991); Miller v. Pancucci, 141 F.R.D. 292, 299 C.D. Cal. 1992).  However, defendants' bare, unsupported objection of confidentiality and privilege is insufficient to avoid production of discoverable documents from defendants' personnel files.  Soto, 162 F.R.D. at 613; Kelly, 114 F.R.D. at 669. Plaintiff seeks this information as character evidence showing defendants' propensity for violence.  Character evidence "is not admissible to prove the character of a person in order to show action in conformity therewith," Fed. R. Ev. 404(b), and despite plaintiff's argument to the contrary, defendants' character or character traits are not an essential element of plaintiff's excessive force claim against, Fed. R. Ev. 405(b).  However, character evidence may be admissible for other purposes and plaintiff is entitled to discoverable information.

*Plaintiff's request as presently drafted is overly broad.  If plaintiff is willing to narrow his inquiry to a period of three years and limit it to like circumstances, the court will grant his motion and direct defendants to produce any documents in their personnel files responsive to the request.  However, plaintiff is required to notify the court and defendants whether he accepts this limitation within **thirty days**.  If plaintiff fails to do so, his motion to compel a response to this request is deemed denied.*  If plaintiff accepts the limitation and notifies defendants and the court of his acceptance within thirty days, defendants have **thirty days** thereafter to respond.  Names and personal information of other inmates or individuals other than the named defendants may be redacted from the documents, and any of defendants' personal information such as Social Security numbers, birth dates, home addresses, etc. may be redacted.  If further disputes or concerns arise, the parties may at that time contact the court for assistance.

(Doc. 49, 3:3-27 (emphasis added).)

On February 13, 2007, plaintiff notified the court that he did *not* accept the limitation and that he believed he was entitled to a response to his request as drafted.  (Doc. 52.)  In light of plaintiff's unwillingness to accept the court's limitation of his document request, plaintiff's request was denied in full as overly broad by the court on March 22, 2007.  (Doc. 57.)  On April 27, 2007, plaintiff filed an objection.  (Doc. 64.)  Defendants did not file a response.  There is no provision for an objection to an order and the court therefore construes the objection as a motion for reconsideration of the court's order.

   B.  <u>Motion for Reconsideration</u>

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d

1  1112, 1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a
2  disagreement with the Court's decision, and recapitulation of the cases and arguments considered
3  by the court before rendering its original decision fails to carry the moving party's burden."  U.S.
4  v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

5       Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick
6  Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th
7  Cir. 1983), en banc.  To succeed, a party must set forth facts or law of a strongly convincing
8  nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of
9  Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on
10  other grounds 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local
11  Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to
12  exist which did not exist or were not shown upon such prior motion, or what other grounds exist
13  for the motion."

14       Plaintiff was informed that his request as drafted was overly broad and that the court
15  would grant the request if plaintiff was willing to narrow his inquiry to a period of three years
16  and limit it to like circumstances.  (Doc. 49.)  Plaintiff opted not to agree to the limitation and his
17  request was therefore denied.  (Docs. 52, 57.)  Plaintiff's contention that he told the court he
18  wanted the court to conduct an in camera review of the documents does not alter these facts.
19  Plaintiff was given the opportunity to limit his request and plaintiff made the decision not to limit
20  the request.  Plaintiff has set forth no grounds justifying reconsideration.  Rather, plaintiff is
21  improperly seeking to have the court rethink what it has already thought.  Rezzonico, 32
22  F.Supp.2d at 1116.  In light of plaintiff's decision not to narrow his request, the court did not err
23  in denying his request as overly broad.

24       Accordingly, plaintiff's motion for reconsideration is HEREBY DENIED.
25       IT IS SO ORDERED.
26       Dated:   **June 2, 2007**              **/s/ Dennis L. Beck**
                                                                                                                                             UNITED STATES MAGISTRATE JUDGE
27
28