# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES, | 1:03-CV-05980 LJO-NEW (DLB)  PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| LUNDY et al., | PLAINTIFF'S REPLY DUE BY SEPTEMBER 14, 2007 |
| Defendant. | |

  Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  This case is set for trial on October 9, 2007.   The telephonic trial confirmation is scheduled for September 20, 2007.  On April 25, 2007, the court ordered that plaintiff file a pretrial statement on August 2, 2007.  Defendants were ordered to file a pretrial statement on August 30, 2007.

  On August 14, 2007, defendants Cadena, Lundy, and Manning filed a motion for an extension of time to file their pretrial statement because the plaintiff had not filed a pretrial statement. Defendants  requested that the court order plaintiff to file a pre-trial statement and that defendants be given 28 days from the date of plaintiff's filing to respond.  Defendants filed a pretrial statement on August 28, 2007.  To date, plaintiff has not complied with the court's order to file a pretrial statement.

  Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

     In the instant case, the plaintiff shall file a response to this Order to Show Cause explaining the reasons why he failed to comply with the court order by September 14, 2007. In addition, plaintiff shall also file a pre-trial statement by September 14, 2007. Plaintiff is advised that failure to file a reply or a pretrial statement may result in the dismissal of his case with prejudice.

     IT IS SO ORDERED.

     Dated: **August 28, 2007**           **/s/ Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE